UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RICHARD D. BURK,

Plaintiff,

v.

CHURCH AND DWIGHT CORP., INC., et al.,

Defendants.

Civil Action No. 13-2642 (PGS)

**O P I N I O N**

**APPEARANCES:**

**RICHARD D. BURK**, Plaintiff pro se
#03669-031
F.C.I. RAY BROOK
P.O. Box 900
Ray Brook, N.Y. 12977

**SHERIDAN**, District Judge

Plaintiff, Richard D. Burk ("Plaintiff"), a federal inmate currently confined at the Federal Correctional Institution in Raybrook, New York, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint, pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief

from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint should be dismissed.

## I. BACKGROUND

The following factual allegations are taken from the complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff's "complaint" consists only of a request for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65. Plaintiff states that Defendants, Church and Dwight Corporation, Inc. and Associated Baking Soda Companies

> continue to knowingly and willingly manufacture, and distribute, in intrastate and interstate commerce, for profit, an Antacid Drug known as -sodium Bicarbonate (Baking Soda) that serves as the key ingredient in the manufacture of an illicit drug known as "Crack Cocaine," which, is known and held to be responsible for the deadly, destructive and genocidal effects on the African-Americans Economic, Social, Civil and Political Rights.

(Compl. 1.) Plaintiff requests that the Court order the Defendants to do following:

> 1) Cease and desist in the manufacturing, and intrastate and interstate distribution of their Baking Soda (Sodium Bicarbonate) product to all and every retail store, markets, and other companies throughout all Fifty united states communities of the United States;
>
> 2) To have Corporation chemists, and/or other corporate employees responsible for the process involved in the manufacturing of Baking Soda(Sodium bicarbonate), research and test various chemicals, medicines, materials, and/or other additional manufacturing processes that would effectively and efficiently eliminate Baking Soda's chemical influence in the manufacturing of the illicit drug known as "Crack Cocaine."

(*Id.* at 3.)

## II. DISCUSSION

### A. Legal Standard

**1. Standards for a *Sua Sponte* Dismissal**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

---

1 "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

3

liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**2.** *Bivens*

Plaintiff brings this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging violations of his civil rights guaranteed under the United States Constitution. In *Bivens*, the Supreme Court held that one is entitled to recover monetary damages for injuries suffered as a result of federal officials' violations of the Fourth Amendment. In doing so, the Supreme Court created a new tort as it applied to federal officers, and a federal counterpart to the remedy created by 42 U.S.C. § 1983. Both are designed to provide redress for constitutional violations. Thus, while the two bodies of law are not "precisely parallel," there is a "general trend" to incorporate § 1983 law into *Bivens* suits. *See Chin v. Bowen*, 833 F.2d 21, 24 (2d Cir. 1987).

**B. Analysis**

Injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances." *Novartis Consumer Health v. Johnson & Johnson–Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002) (quotation and citation omitted). To secure the extraordinary relief of a preliminary injunction or temporary restraining order, plaintiff must demonstrate that "(1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants; and (4) granting the injunction is in the public interest." *Maldonado v. Houston*, 157 F.3d 179, 184 (3d

Cir. 1998) (as to a preliminary injunction). *See also Ballas v. Tedesco*, 41 F.Supp.2d 531, 537 (D.N.J. 1999) (as to temporary restraining order). A plaintiff must establish that all four factors favor preliminary relief. *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187 (3d Cir. 1990).

"[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Courts in this circuit have denied emergent relief when the "request for injunctive relief is [ ] targeted at potential conduct that bears no relation to his underlying claim." *Martin v. Keitel*, 205 F. App'x 925, 929 (3d Cir. 2006). *See also Schwartz v. United States DOJ*, No. 06-5581, 2007 WL 2916465 (D.N.J. Oct. 4, 2007) (denying injunctive relief because plaintiff failed to demonstrate that the "preliminary injunction relates to the subject-matter of the underlying complaint").

To the extent Plaintiff intended for his submission in this case to be construed solely as a preliminary injunction, Plaintiff's request will be denied. Plaintiff has not filed an underlying complaint. Rather, he has only filed an application for a preliminary injunction. Since there is no underlying litigation in which Plaintiff can ultimately be successful, Plaintiff cannot meet the first prong of the standard. To the extent Plaintiff intends for his submission to be construed as a complaint, the basis for this Court's jurisdiction is unclear. If he intended for his allegations to be construed as a claim under *Bivens*, the defendants are not federal officials. Moreover, Plaintiff has failed to allege the violation of any constitutional right. *See Bivens*, 403 U.S. at 388.

To the extent Plaintiff intended invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, he has failed to allege each party's citizenship. *American Motorists Ins. Co. v. American Employers' Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979) (a plaintiff, as the party asserting

federal jurisdiction, "must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant are citizens of different states.") *See also Universal Reinsurance Co., Ltd. v. St. Paul Fire & Marine Ins. Co.*, 224 F.3d 139, 141 (2d Cir. 2000) ("The failure to allege [the party's] citizenship in a particular state is fatal to diversity jurisdiction"). Further, the only facts alleged appear to be that Defendants currently manufacture baking soda. Plaintiff has failed to state a cognizable cause of action and failed allege any injury.

## III. CONCLUSION

Therefore, for the reasons set forth above, the Complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Plaintiff shall have thirty days to file an amended complaint.[2] Plaintiff's motion for class certification and appointment of pro bono counsel are dismissed as moot. An appropriate order follows.

Dated: October 17, 2013

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

---

2 Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*