**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RICHARD D. BURK, | : | Civil Action No. 13-2642 (PGS) |
| Plaintiff, | : | |
| v. | : | MEMORANDUM OPINION |
| CHURCH AND DWIGHT CORP., INC., et al., | : | |
| Defendants. | : | |

THE COURT having issued an Opinion and Order on October 17, 2013 dismissing Plaintiff's complaint for failure to state a claim upon which relief may be granted but allowing Plaintiff to file an amended complaint (ECF Nos. 5-6); and Plaintiff having filed said amended complaint (ECF No. 8); and

IT APPEARING that the Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity; and it further appearing that the Supreme Court held that to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible [which] then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)); and it further appearing that "[a] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts," *Fowler*, 578

F.3d at 211 (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)); and

THE COURT finding that in his amended complaint, Plaintiff alleges a claim for "aiding and abetting" in violation of 21 U.S.C. §§ 841 and 846 based on the fact that Defendant continues to distribute baking soda despite its knowledge that baking soda is being used to manufacture crack cocaine (Am. Compl. 2); however, §§841 and 846 are criminal statutes and there is no federal right to require the government to initiate criminal proceedings, *see Godfrey v. Pa.*, 525 F. App'x 78, 80, n.1 (3d Cir. 2013) (affirming district court's dismissal of claims brought under federal criminal statutes), *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973); and

THE COURT further finding that Plaintiff attempts to invoke this Court's diversity jurisdiction because Plaintiff resides in New York and was born in Kansas, and Defendant has its place of business in New Jersey, however Plaintiff alleges no claims against Defendant; he merely states that he is "envoking" this Court's diversity jurisdiction; and

THE COURT further finding that Plaintiff also purports to bring a claim pursuant to 42 U.S.C. § 1981; to state a claim for relief under 42 U.S.C. § 1981, a plaintiff must show (1) that he is a member of a racially cognizable group; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination related to one of the activities enumerated in the statute. *Estate of Oliva ex rel. McHugh v. New Jersey*, 604 F.3d 788, 797–798 (3d Cir. 2010) (quoting *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 569 (3d Cir. 2002)); Plaintiff has failed to allege an intent to discriminate on the basis of race by the defendant and how any discrimination related to one of the activities enumerated in the statute; and

THE COURT FURTHER FINDING that based on the foregoing, the Amended Complaint DISMISSED in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted; however because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file a second amended complaint;[1] and the Court having considered the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 7.1(i); and for good cause appearing, the Court will issue an appropriate order.

Dated: 5/21/14

_____
Peter G. Sheridan, U.S.D.J.

---

[1] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*