*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD D. BURK,<br><br>    Plaintiff,<br><br>v.<br><br>CHURCH AND DWIGHT CORP., INC., et al.,<br><br>    Defendants. | Civil Action No. 13-2642 (PGS)<br><br>**MEMORANDUM OPINION** |

THE COURT having issued an Opinion and Order on May 21, 2014 dismissing Plaintiff's Amended Complaint for failure to state a claim upon which relief may be granted but allowing Plaintiff to file a second amended complaint (ECF Nos. 20-21); and Plaintiff having filed said Second Amended Complaint (ECF Nos. 22; 23); and

IT APPEARING that the Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity; and it further appearing that the Supreme Court held that to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible [which] then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)); and it further appearing that "[a] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts," *Fowler*, 578

2

F.3d at 211 (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)); and

THE COURT finding that Plaintiff purports to bring this action pursuant to the Court's diversity jurisdiction because Plaintiff is a "citizen" of the State of Kansas and Defendant is a Delaware corporation; however as in his First Amended Complaint, Plaintiff has failed to identify any viable causes of action against Defendant; Plaintiff alleges that Defendants are "directly and indirectly responsible for all crack cocaine addictions" because they manufacture baking soda, but Plaintiff fails to allege, and this Court is unable to identify, how Defendants have actually violated Plaintiff's rights; and

THE COURT FURTHER FINDING that based on the foregoing, the Second Amended Complaint is DISMISSED in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted; a district court generally grants leave to correct the deficiencies in a complaint by amendment, *see DelRio–Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 251 (3d Cir. 2012), *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000), however based on the facts alleged by Plaintiff in his three complaints, it is clear that he will be unable to state a viable claim against Defendants; therefore, the Court will not grant Plaintiff leave to file a third amended complaint because any amendment would be futile; and the Court having considered the matter without oral argument pursuant to FED. R. CIV. P. 78; and for good cause appearing, the Court will issue an appropriate order.

Dated:

_____  1/23/15
Peter G. Sheridan, U.S.D.J.