***NOT FOR PUBLICATION***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD D. BURK, | Civil Action No. 13-2642 (PGS) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| CHURCH AND DWIGHT CORP., INC., et al., | |
| Defendants. | |

It appearing that:

1. On October 17, 2013, the Court entered an Opinion and Order dismissing Plaintiff Richard D. Burk's ("Plaintiff) *pro se* Complaint for failure to state a claim. (ECF Nos. 5-6.)

2. On May 21, 2014, this Court entered an Opinion and Order dismissing Plaintiff's Amended Complaint for failure to state a claim upon which relief may be granted, but granted leave for Plaintiff to file a second amended complaint. (ECF Nos. 20-21.)

3. On January 23, 2015, the Court entered a Memorandum Opinion and Order dismissing the Second Amended Complaint for again failing to state a claim upon with relief may be granted. (ECF Nos. 32-33.) The Court did not provide Plaintiff with an opportunity to file a third amended complaint because it determined such leave would be futile. (*Id.*)

4. On February 10, 2015, Plaintiff filed a Motion to Amend the Court's January 23rd Order pursuant to FED. R. CIV. P. 59(e). (ECF No. 34.) Plaintiff alleges that the Court erred when it failed to advise Plaintiff that he could not represent the "African-American People of America" in a class action because he is a pro se plaintiff. (*Id.*) Plaintiff alleges that the Court also erred

when it failed to provide Plaintiff with a fourth attempt to allege a viable claim.  (*Id.*)

5.  The scope of a motion brought pursuant to Rule 59(e) is extremely limited.  *See Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011).  Such a motion may not be used to relitigate every facet of a case, but rather may be employed "only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.*  "Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [decided the motion], or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.*  (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)).  Manifest injustice pertains to situations where a court overlooks some dispositive factual or legal matter that was presented to it.  *See In re Rose*, No. 06–1818, 2007 WL 2533894, at *3 (D.N.J. Aug. 30, 2007).

6.  Here, Plaintiff alleges that the third prong, the need to correct a clear error of law or fact or to prevent manifest injustice, is applicable.  However, his arguments are without merit.  The Court dismissed the three previous complaints because Plaintiff failed to allege any viable claims, on behalf of himself or the "African-American Communities of the United States," both of whom were named Plaintiffs.  The Court's alleged "failure" to advise Plaintiff that he did not have standing to represent the entire African-American population in a class action had no effect on the fact that he never alleged any plausible claims which could proceed.  The Court never reached his motion for class certification because he did not state a claim.  Moreover, Plaintiff's mere disagreement with the Court's decision not to allow him an opportunity to file a fourth complaint is not a viable ground for reconsideration.  *See Florham Park Chevron, Inc. v.*

*Chevron U.S.A., Inc.*, 680 F.Supp. 159, 162 (D.N.J. 1998) (a difference of opinion with the court's decision should be dealt with through the normal appellate process).

7. For the reasons stated above, Plaintiff's Motion to Amend the Court's January 23rd Order is denied.   An appropriate order follows.

Dated:

                                            Peter G. Sheridan, U.S.D.J.